68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Mack GREER, Defendant-Appellant.
 No. 95-5159.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 21, 1995.
Decided: October 12, 1995.
 
 Daniel R. Bieger, Copeland, Molinary & Bieger, Abingdon, VA, for Appellant. Robert P. Crouch, Jr., United States Attorney, S. Randall Ramseyer, Assistant United States Attorney, Abingdon, VA, for Appellee.
 Before RUSSELL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Johnny Mack Greer pled guilty to a two-count information charging him with mail fraud, 18 U.S.C.A. Sec. 1341 (West Supp.1995), and with transporting in interstate commerce a cashier's check for $50,000 which he knew was fraudulently obtained, 18 U.S.C.A. Sec. 2314 (West Supp.1995). He appeals his 71-month sentence, alleging that the district court erred in departing upward under guideline section 4A1.3, p.s.* and clearly erred in finding that he had neither accepted responsibility nor repaid $75,000 of the amount he owed to victim Henry Harman, Jr. We affirm in part, vacate in part, and remand.
 
 
 2
 Over a five-year period ending in 1994, Greer fraudulently obtained a total of $1,329,500 from forty-five friends, acquaintances, and relatives by inducing them to invest in various business ventures he claimed to be pursuing. He used false documents to create the appearance that he was conducting legitimate business dealings. At sentencing, the district court ordered Greer to make restitution in the amount of $773,514 to thirty-two victims to whom he still owed money.
 
 
 3
 Greer contested the amount owed to Henry Harman. He testified that he had repaid $75,000 in cash to Mrs. Harman, who had since died, on the same day the Harmans gave him $140,000 to invest for them. He said Mr. Harman had not been in the room when he gave Mrs. Harman the money. As evidence of the repayment, Greer produced a handwritten receipt for a $75,000 down payment on the Harmans' home signed by Mr. and Mrs. Harman and by himself. Mr. Harman testified that Greer had been interested in buying his house.
 
 
 4
 He agreed that his signature was on the receipt, but said he did not recall receiving $75,000 from Greer, either as a downpayment for his house, or in repayment of the money supposedly invested with Greer. The district court found as a fact that Greer had not proved that he made restitution in the amount of $75,000. We find that the court did not clearly err in making this factual determination.
 
 
 5
 The district court found that Greer had not accepted responsibility because he refused to agree to the use of proceeds from Virginia Coal and Timber, Inc., for payment of restitution to his fraud victims. On appeal, Greer argues that the district court erroneously found that the proceeds of the company were generated by fraud and that the company was fraudulently placed in his wife's name.
 
 
 6
 Greer set up Virginia Coal and Timber in his wife's name within the year prior to his sentencing. It produced significant income from timber leases. Greer represented to the probation officer that he was merely an employee of the company and earned $800 a month while his wife earned $4000 a month. However, information elsewhere in the presentence report discloses that Mrs. Greer has been unemployed since 1974 when the Greers' first child was born. When asked at sentencing whether he would be willing to make restitution from the proceeds of the company, Greer refused, stating "I have a wife and daughter at home."
 
 
 7
 Willingness to make restitution is one of the factors the district court considers when deciding whether a defendant has accepted responsibility. USSG Sec. 3E1.1(c). Although Greer admitted his fraudulent conduct and had repaid some of his victims, the record reveals that the district court did not clearly err in finding that Greer was actively attempting to avoid making restitution to the remaining victims from assets within his control and that, under those circumstances, the adjustment was not appropriate.
 
 
 8
 Finally, Greer contends that the court erred in departing upward by adding one criminal history point for each of the five preceding years in which he had failed to file income tax returns, thus increasing his criminal history category from I to III. He argues that there was no basis for a departure, and that the court failed to comply with United States v. Rusher, 966 F.2d 868, 884-85 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (1992), by failing to explain why a lesser departure was inadequate. We do not address the propriety of the departure because we find that inadequate notice of a departure was given.
 
 
 9
 Although in its sentencing memorandum the government moved for a departure on the ground of extreme conduct, a possible departure under section 4A1.3 was not mentioned until the sentencing hearing. Greer's failure to file income tax returns was not brought up at all until the court made its ruling. The Supreme Court held in Burns v. United States, 501 U.S. 129, 138 (1991), that a sentencing court may not "depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government," because Fed.R.Crim.P. 32 requires that the parties have reasonable notice that such a ruling is being contemplated. See also United States v. Maddox, 48 F.3d 791, 799 (4th Cir.1995). Here, Greer was not given the necessary notice.
 
 
 10
 Therefore, we affirm the district court's factfindings that Greer had not accepted responsibility and had not repaid $75,000 of the money he owed to Henry Harman. We vacate the sentence and remand for further proceedings on the issue of the upward departure under section 4A1.3. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)